UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL BUXBAUM,<br><br>       Plaintiff,<br><br>  -against-<br><br>ZILLOW GROUP, INC.,<br><br>       Defendant. | 25-CV-0297 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is appearing *pro se*, brings this action against the Zillow Group, Inc. ("Zillow"), seeking an order directing Zillow to list specific properties, located throughout New York State, on its website "for sale by owner." He invokes the Court's diversity jurisdiction as the basis for this Court exercising jurisdiction of this claim. Plaintiff does not pay the fees for this action or ask that the fees be waived by submitting an *in forma pauperis* ("IFP") application. The Court dismisses the complaint for the following reasons.

## DISCUSSION

  Plaintiff has previously submitted to this court a substantially similar complaint against Zillow, seeking an order directing Zillow to list the same properties for sale by owner. *See Buxbaum v. Zillow*, No. 24-CV-10054 (LTS) (S.D.N.Y.) ("*Buxbaum I*"). In *Buxbaum I*, which is pending before the Court, Plaintiff did not pay the fees or submit an IFP application. Accordingly, on January 15, 2025, in *Buxbaum I*, the Court directed Plaintiff to pay the fees or ask that they be waived.

  In addition to these two actions against Zillow, Plaintiff also filed two other actions against this same defendant, raising the same claims.[1] *See Buxbaum v. Zillow Group, Inc.*, No.

---

[1] Plaintiff also did not pay the fees in these two additional cases or ask that the fees be waived.

25-CV-0225 (LTS) (S.D.N.Y.); *Buxbaum v. Zillow Inc.*, No. 24-CV-10077 (LTS) (S.D.N.Y.). The Court recently dismissed the 25-CV-0225 action, also as duplicative of *Buxbaum I*. In fact, since December 9, 2024, Plaintiff has filed approximately 23 cases against various defendants where he has not requested leave to proceed IFP or pay the fees.

Here, because this complaint raises the same claims as Plaintiff raises in *Buxbaum I*, no useful purpose would be served by litigating this duplicate lawsuit. Therefore, the Court dismisses this complaint without prejudice to *Buxbaum I*.

## CONCLUSION

Plaintiff's complaint is dismissed as duplicative of *Buxbaum v. Zillow*, No. 24-CV-10054 (LTS) (S.D.N.Y.), without prejudice to the claims raised in *Buxbaum I*.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:   January 17, 2025
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge